# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JERRY WILLIAMS, #155339, | ) |
| | ) CIVIL ACTION NO. 0:05-425-DCN-BM |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| JON OZMINT, DIRECTOR, SC | ) |
| DEPARTMENT OF | ) |
| CORRECTIONS; and HENRY D. | ) |
| MCMASTER, ATTORNEY | ) **REPORT AND RECOMMENDATION** |
| GENERAL OF THE STATE OF | ) |
| SOUTH CAROLINA; | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on February 1, 2005.

The Respondents filed a return and motion for summary judgment on April 13, 2005. As the Petitioner is proceeding pro se, a Roseboro order was filed on April 19, 2005, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On May 23, 2005, Petitioner filed an opposition to Respondents' motion for summary judgment. This matter is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the



**Procedural History**

Petitioner was indicted in December 2002 in Williamsburg County for assault and battery with intent to kill (ABIK), and possession of a weapon during commission of a violent offense (Indictment No. 02-GS-45-232). Petitioner was represented by LeGrand Carraway, Esquire. After a bench trial on December 10-11, 2002, Petitioner was found guilty as charged, and was sentenced to seven (7) years imprisonment for ABIK, and five (5) years, concurrent, for possession of a weapon during the commission of a violent offense. Petitioner did not appeal his conviction or sentence.

On December 4, 2003, Petitioner filed an Application for Post-Conviction Relief ("APCR") in state court, asserting the following claims:

1. Ineffective assistance of Court Appointed Counsel;

2. Inconsistent statements by State's two star witnesses, who were the State's chief evidence at bar;

3. No physical evidence - No probative circumstantial evidence to support a verdict of guilty.

4. The State's two star witnesses were associated with the Victim as:
    (a) working together
    (b) living in same building
    (c) are "homeboy's" friends
in which Counsel failed to bring out as requested by Defendant.

See PCR Petition, p. 3 and attachment.

Petitioner subsequently filed a petition for writ of mandamus with the South Carolina Supreme Court regarding his state PCR on September 23, 2004. The petition was dismissed on July 20, 2004, pursuant to Key v. Currie, 406 S.E.2d 356 (S.C. 1991), and Petitioner was appointed



Court.



counsel, D. Craig Brown, Esquire, on February 10, 2005. The State filed a Return to the APCR on February 18, 2005, and the case was scheduled for hearing on March 22, 2005. However, on February 21, 2005, Petitioner's trial counsel LeGrand Carraway wrote that he had a conflict with the hearing dates due to his previously scheduled duties as public defender. The Honorable Thomas W. Cooper, Jr., South Carolina Circuit Judge, granted the continuance. Respondents represent in their motion for summary judgment that, as of the filing of their motion, a PCR hearing had not yet been re-scheduled.

In his pro se Petition for writ of habeas corpus in the United States District Court, Petitioner raises the issues the following issues:

**Ground One:** Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

**Ground Two:** Denial of effective assistance of counsel.

**Ground Three:** Denial of right to appeal.

See Petition, pp. 5-6.

### Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the Petitioner has failed to exhaust his state remedies before filing this federal petition. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the

3



development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

A review of the material and filings submitted to the Court shows that Respondents are correct in asserting that Petitioner has not exhausted his state court remedies, as his state APCR is still pending. In his response, Petitioner argues that he is being prejudiced by the delay in scheduling of his state hearing, and therefore wishes to proceed in this Court. Although Respondents acknowledge that "[i]nordinate delay or inaction can be a circumstance rendering state remedies ineffective", Respondents argue that this case does not warrant application of this exception to the exhaustion rule. Respondents note that at the time the present habeas action was filed, Petitioner's APCR had only been pending for seventeen (17) months, that Petitioner was appointed counsel in his PCR proceeding in February 2005 (around the same time Petitioner filed this federal petition), that Respondents also filed a Return in February 2005, and that the original hearing date in March 2005 was only continued because of a conflict of trial counsel, who is a necessary witness.

Based upon the current status of Petitioner's APCR, the undersigned agrees that this case does not warrant application of the exception to the exhaustion rule at this time. Petitioner's federal remedy of a writ of habeas corpus under 28 U.S.C. § 2254 can only be sought after all of his remedies in the courts of the State of South Carolina have been exhausted. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Moore



v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975).  While Petitioner is correct that an inordinate delay in the adjudication of a state post-conviction remedy may constitute a denial of due process cognizable in federal habeas corpus; see United States v. Johnson, 732 F.2d 379, 381 (4th Cir. 1984), citing Layne v. Gunter, 559 F.2d 850, 851 (1st Cir. 1977), cert. denied, 434 U.S. 1038 (1978); this case does not yet rise to the level of a denial of due process. Petitioner has been appointed counsel, and his APCR was scheduled for a hearing.  Although the hearing was continued because of a witness conflict, it nevertheless appears that the Petitioner's state case is proceeding at this time.  See United States v. Johnson, 732 F.2d at 381-382 [discussing factors to be considered for claim of inordinate delay]; see also Varner v. Duckworth, 1996 WL 508619 at **1-2 (7th Cir. 1996)[prospective twenty-one month delay caused by trial court's schedule of the evidentiary hearing did not constitute an inordinate delay thereby excusing Petitioner's failure to exhaust.]; Fletcher v. Morgan, 1991 WL 73243 at **2 (6th Cir. 1991)["Although we do not reject out of hand (Plaintiff's) assertion that unreasonable and inordinate delay in a state's processing of a petitioner's application for post-conviction relief may excuse the exhaustion requirement, the sixteen-month delay as alleged by (Petitioner) at this time is not in itself so unreasonable as to conclude that the state's remedy is ineffective.").

Title 28 U.S.C. § 2254(b) states, "[a]n application for writ of habeas corpus…shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."  No evidence has been presented to show an absence of available state process, and, as indicated, the undersigned does not find that such process is at this point ineffective in protecting Petitioner's rights. Further, as

5



it is clear that Petitioner's state law APCR is still actively being pursued, Petitioner has failed to exhaust his state court remedies. Having himself chosen to pursue collateral relief in State court, Petitioner may not now simultaneously maintain a federal writ. Additionally, by pursuing a federal remedy at this time, Petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of his current state proceedings that he may want to bring in the future, because a subsequent federal habeas petition would be successive and could constitute an abuse of the writ. 28 U.S.C. § 2254(b); see also, Pub.L. No. 104-132, 110 Stat. 1214, § 104 (amending 28 U.S.C. § 2254), Rule 9(b); Rose v. Lundy, 455 U.S. 519, 520-521 (1982). Therefore, this Petition should be dismissed, without prejudice.

## Conclusion

Based on the foregoing, it is recommended that Petitioner's Petition be **dismissed**, without prejudice, for failure to exhaust his state court remedies. Braden, 410 U.S. at 490-491; Moore, 515 F.2d at 441-442; Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) [Exhaustion not satisfied if post-conviction petition is pending in state court]; 28 U.S.C. § 2254(b) and (c).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June 22, 2005

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

7
